# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ROGER MARSHMAN,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-CV-00972-RP** |
| | § | |
| **INSTRUMENT MANUFACTURING** | § | |
| **COMPANY,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court are Plaintiff's Amended Motion to Compel Answers to Interrogatories (Dkt. 22) and Plaintiff's Amended Motion to Compel Responses to Requests for Production (Dkt. 23), both filed March 11, 2021; Defendant's Motion for Leave to File First Amended Answer, filed April 16, 2021 (Dkt. 29); and the associated response and reply briefs. The District Court referred the motions to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.      General Background

This is a contract dispute between Defendant Instrument Manufacturing Company ("IMCORP") and its former employee, Plaintiff Roger Marshman. Marshman alleges that IMCORP breached the parties' employment agreement by failing to pay him $786,147.22 in commissions. Dkt. 1 ¶¶ 5, 15. Marshman filed suit on September 21, 2020, asserting claims for breach of contract, fraud, quantum meruit, and promissory estoppel, and seeking attorneys' fees and a declaration that he was entitled to the commissions. IMCORP terminated Marshman's employment on October 6, 2020. Dkt. 6 ¶ 2.

1

On December 2, 2020, Marshman filed his First Amended Complaint, adding a request for declaratory judgment that a non-compete agreement in his employment contract is unenforceable. Dkt. 13. The following day, Marshman sent IMCORP a letter stating that he was considering employment with two companies, Novinium and Megger. Dkt. 29-2 ¶ 7. Marshman asked whether IMCORP had any legal basis to prohibit him from accepting a position with either company. *Id.* Marshman alleges that IMCORP did not respond. Dkt. 20 at 2.

Marshman began working at Novinium on December 14, 2020. On February 8 and 9, 2021, IMCORP asked Marshman to disclose the identity of his new employer, but Marshman refused. Dkt. 29-2 ¶ 9. On February 10, 2021, IMCORP learned that Marshman had begun working for Novinium, a client of its counsel's firm, Jackson Lewis, P.C. *Id.* ¶¶ 10-11.

Because Marshman's employment at Novinium created an irreconcilable conflict for its counsel, IMCORP filed an Unopposed Motion to Substitute Counsel on March 17, 2021. Dkt. 24. The motion's Certificate of Conference states that Marshman was not opposed to the substitution provided "the motion does not seek to extend any of the existing case deadlines, which it does not." *Id.* at 3. The Court granted IMCORP's motion on March 18, 2021.

## II.     Defendant's Motion for Leave to File Amended Answer

IMCORP seeks leave to file its First Amended Answer to Marshman's Amended Complaint after the scheduling order's January 25, 2021 deadline to amend pleadings. Dkt. 12.

## A.     Legal Standard

Federal Rule of Civil Procedure 16(b) governs amendments of pleadings after a scheduling order deadline has expired. *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard requires the party

seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *S & W Enters.*, 315 F. 3d at 535. Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). When applying Rule 16(b), district courts have broad discretion to preserve the integrity and purpose of the pretrial order. *Campbell v. Griffin*, 265 F. App'x 269, 271 n.4 (5th Cir. Feb. 8, 2008).

Once the moving party has demonstrated good cause to modify the scheduling order under Rule 16(b), Rule 15(a)'s more liberal amendment standard applies. *Cruz v. R2SONIC, LLC*, 1:18-CV-397-RP, 2019 WL 7667330, at *2 (W.D. Tex. May 6, 2019). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Id.* (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286) (5th Cir. 2002). Under Rule 15(a), district courts may not deny leave to amend "absent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party." *Mayeaux v. La. Health Servs. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

**B.     Analysis**

The Court examines the four good cause factors in turn.

### 1.  Explanation for Failure to Timely Move to Amend

As stated above, IMCORP moved to amend on April 16, 2021, after the January 25, 2021 deadline to file motions to amend pleadings. IMCORP argues that the conflict of interest created by Marshman's intervening employment with Novinium prevented IMCORP from timely requesting leave to amend. Marshman responds that IMCORP has no valid explanation for its

failure to meet deadlines, and that IMCORP's motion to amend violates its agreement not to extend case deadlines due to its substitution of counsel.

Marshman conflates the issues presented in his motions to compel with the analysis of IMCORP's motion to amend. It is undisputed that Marshman told IMCORP he was considering employment with either Novinium or Megger on December 3, 2020, the day after he filed his First Amended Complaint. IMCORP presents evidence that its previous counsel could not take a position regarding the enforceability of Marshman's non-compete agreement due to counsel's potential conflict with Novinium. Dkt. 29-2 ¶¶ 10-12. IMCORP learned that the potential conflict had ripened into an actual conflict when it was informed that Marshman was working at Novinium on February 10, 2021, after the deadline to amend had passed. *Id.* This information resulted in the substitution of IMCORP's counsel on March 18, 2021. *Id.* IMCORP's new counsel sought leave to amend its answer less than one month after the substitution. Dkt. 29.

Because an intervening event created a conflict that prevented IMCORP from timely moving to amend, the Court finds that the first factor weighs in favor of IMCORP.

### 2. Importance of Amendment

The second factor also weighs in favor of IMCORP. IMCORP's proposed Amended Answer addresses Marshman's new factual allegations regarding his non-compete agreement and asserts affirmative defenses to his request for declaratory relief. Dkt. 13 ¶¶ 15-20, 22; Dkt. 29-1 ¶¶ 15-20, 22, 51-52. Granting IMCORP leave to file its Amended Answer ensures that all material facts and claims are joined in a single case. *See Turloff v. Restore Master Contracting, LLC*, Civil No. SA-17-cv-572-OLG, 2018 WL 6694835, at *2 (W.D. Tex. Jan. 4, 2018) (finding amendment important in Rule 16 analysis because amended pleading asserted affirmative defenses not asserted in original answer).

### 3.   Potential Prejudice

The third factor requires the Court to analyze whether Marshman would be prejudiced by the amendment. When an opposing party has filed a motion for summary judgment, the Court must scrutinize a party's attempt to raise new theories by amendment. *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999).

IMCORP's Amended Answer addresses the non-compete agreement, which is the subject of Marshman's pending motion for partial summary judgment, filed on April 2, 2021. Dkt. 28; Dkt. 33 at 8. Marshman seeks judgment that the non-compete agreement is invalid and unenforceable because it is unreasonably broad, and because IMCORP never signed or delivered it. Dkt. 28 at 25. IMCORP's Amended Answer contains affirmative defenses relating to justiciability and reformation which it had not pled when Marshman filed his motion for partial summary judgment. Dkt. 29-1 ¶¶ 51-52. Nevertheless, it appears that Marshman will not suffer prejudice by IMCORP's amendment because the parties addressed the issues of justiciability and reformation in their summary judgment briefs. Dkt. 28 at 8-9, 24; Dkt. 31 at 7-15; Dkt. 34 at 9-10. The parties' anticipation of these issues mitigates the prejudice that otherwise might result from amendment when a summary judgment motion is pending.

Moreover, this case has been pending for less than one year. Because discovery does not close until July 30, 2021, Marshman has time to conduct discovery on any new issues raised by IMCORP's Amended Answer. The Court finds the third factor to be neutral.

### 4.   Availability of a Continuance

Because neither party has requested a continuance, the final factor is neutral.

**C.**     **Conclusion as to Motion for Leave to Amend Answer**

Having considered the relevant factors, the Court finds that IMCORP has shown good cause under Rule 16(b) to modify the scheduling order. Accordingly, pursuant to Rule 15(a)(2), the Court **GRANTS** Defendant's Motion for Leave to File First Amended Answer (Dkt. 29).

### III.     Plaintiff's Motions to Compel Discovery

Marshman asks the Court to compel IMCORP to answer one interrogatory and produce four categories of documents. Marshman also seeks attorneys' fees for his motions to compel.

**A.  Legal Standards and Analysis**

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). Information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (citing *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

### 1. Interrogatory No. 22

Interrogatory No. 22 states:

> Please explain why IMCORP prohibited Marshman from advising his clients . . . that IMCORP had used faulty test leads to perform cable testing and used unapproved technology to identify faulty test leads during November of 2019 – February of 2020.

Dkt. 22-3 at 8. IMCORP objects that the interrogatory seeks a legal conclusion and is premature, immaterial, and irrelevant. *Id.* Marshman argues that IMCORP's instruction not to disclose test lead information is relevant because it negatively impacted Marshman's ability to market services, resulting in reduced commissions. Dkt. 22 at 9.

Marshman's claims are based on unpaid commissions he allegedly earned while IMCORP's employee. Dkt. 13 ¶¶ 5, 14. Marshman does not claim that IMCORP owes him commissions for sales that did not take place. The Court finds that this interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court **DENIES** Marshman's motion to compel as to Interrogatory No. 22.

### 2. IMCORP's Prior Non-compete Disputes (Requests for Production No. 6-8)

Requests for Production 6, 7, and 8 seek documents relating to any previous disputes regarding IMCORP's non-compete agreement, as follows:

> **Request for Production No. 6:** Please produce any and all communications between IMCORP and Megger USA, Inc. concerning the Employment, Invention, Confidentiality and Non-Compete Agreement between IMCORP and Darren Byrne.

> **Request for Production No. 7:** Please produce a copy of any pleading filed in a Texas Court that IMCORP has sought to enforce the terms of an [sic] IMCORP's Employment, Invention, Confidentiality and Non-Compete Agreement.

> **Request for Production No. 8:** Please produce a copy of any demand letter issued by IMCORP to a Texas resident or citizen seeking to enforce the terms of IMCORP's Employment, Invention, Confidentiality and Non-Compete Agreement.

Dkt. 23-3 at 3-4. IMCORP objects to Requests No. 6 and 8 as irrelevant, overbroad, and seeking "personal and potentially confidential or trade secret protected information" regarding non-parties. *Id.* IMCORP objects to Request No. 7 "as it seeks publicly available information that Plaintiff can obtain on his own." *Id.* at 4. Marshman argues that the requests are relevant to his claim for attorneys' fees under TEX. BUS. & COMM. CODE 15.51(c), which states that a plaintiff may recover costs and attorneys' fees on a showing that a defendant knew a non-compete agreement was unreasonable at the time of execution. Dkt. 13 ¶ 34; Dkt. 23 at 6.

The Court finds that the documents sought in these three requests for production are relevant to Marshman's claim for attorneys' fees or reasonably calculated to lead to the discovery of admissible evidence. The Court therefore **GRANTS** Marshman's Motion to Compel as to any documents within IMCORP's possession, custody, or control responsive to Requests for Production No. 6-8.

### 3. Download of Company Information (Requests for Production No. 13, 76-78)

Requests for Production No. 13, 76, 77, and 78 seek the data, documents, and emails relating to IMCORP's allegation that Marshman forwarded proprietary information to his personal email account in violation of company policy. Dkt. 23-3 at 5, 22-23. The requests state:

> **Request for Production No. 13:** Please produce a copy of the data that was downloaded from Marshman's laptop by IMCORP after IMCORP picked up Marshman's laptop computer.
>
> **Request for Production No. 76:** Please produce a copy of every document that IMCORP contends was improperly downloaded or emailed by Marshman to himself or a competitor of IMCORP.
>
> **Request for Production No. 77:** Any evaluation of Roy Marshman's email activity or documentation of Roy Marshman forwarding his work related emails with attached documents to his personal email address that IMCORP considered to be a violation of company policy that resulted in IMCORP suspending Mr. Marshman's employment . . . .

8

> **Request for Production No. 78:** A copy of the forensic analysis that was performed on Roy Marshman's email activity or the laptop computer assigned to Roy Marshman during his employment of [sic] IMCORP and the information and data that was considered by IMCORP as the bases for IMCORP's decision to terminate Roy Marshman's employment.

IMCORP argues that the requests are overbroad because they could encompass all email Marshman sent or received over a three-year period. IMCORP further objects that the requests are duplicative and argues that Marshman already has copies of documents he took in violation of company policy. Instead, IMCORP agreed to produce a spreadsheet generated through forensic examination of Marshman's computer identifying the emails Marshman sent to his personal account and the material he allegedly wrongfully downloaded or accessed.

Marshman contends that IMCORP's Rule 26 disclosure shows the requests are relevant because its list of relevant documents includes "[d]ata from Defendant's laptop that Plaintiff utilized while employed with Defendant." Dkt. 23 at 6; Dkt. 23-4 at 5. Marshman also points out that IMCORP previously agreed to produce this information after entry of a protective order. Dkt. 27 at 4; Dkt. 23-3 at 5 ("Defendant states that it will produce a viewable copy of the requested information in accordance with a protective order entered by the court in this lawsuit.").

Although there is some overlap among the requests, the information sought is relevant to IMCORP's allegation that it fired Marshman for improperly sending company information to his personal email address. Dkt. 29-1 ¶ 7. Marshman is not seeking all emails, as IMCORP contends, but rather (1) forensic data from the laptop IMCORP alleges Marshman used to impermissibly send confidential material, and (2) identification of the material IMCORP alleges that he misappropriated. Accordingly, the Court **GRANTS** Marshman's Motion to Compel as to Requests No. 13 and 76-78.

### 4. Documents Concerning Marshman's Supervisor (Request for Production No. 40-45, 63, and 89-90)

Requests for Production No. 40-45, 63, and 89-90 seek documents from or relating to Marshman's supervisor, Matt Spalding. Dkt. 23-3 at 12-14, 20, 25. Marshman requests emails among Spalding and certain other individuals that are critical of Marshman, along with any documents relating to Spalding's efforts to demote or terminate Marshman. *Id.* at 12-14. Marshman also requests Spalding's self-evaluations and position descriptions, and documents describing Spalding's qualifications, responsibilities, and duties during his career at IMCORP. *Id.* at 20, 25.

Marshman argues that the information is relevant to show that Spalding "harbored ill will against Marshman" and "sabotaged" him through demotion and pay reductions. Dkt. 27 at 4. IMCORP argues that alleged personal animosity between Spalding and Marshman is not relevant to whether Marshman's commissions were properly calculated. Dkt. 26 at 7. IMCORP objects to the requests as unreasonable, duplicative, overbroad, irrelevant, and seeking confidential or trade secret information. Dkt. 23-3 at 12-14, 20, 25.

To the extent the requests seek information unrelated to Marshman, such as Spalding's self-evaluations and position descriptions, the Court finds the information irrelevant to Marshman's claims. To the extent the requests seek documents relating to Spalding's communications and actions regarding Marshman's work performance and commissions, they are relevant. Accordingly, the Court **GRANTS** Marshman's Motion to Compel as to Requests No. 40 through 45 and 90 and **DENIES** Marshman's Motion to Compel as to Requests No. 63 and 89.

### 5. Documents Regarding Faulty Test Leads (Requests for Production No. 101-07)

Request for Production 101 through 107 seek documents relating to IMCORP's alleged directives to Marshman not to disclose information regarding faulty test leads. Dkt. 23-3 at 27-29.

IMCORP objects to the requests as irrelevant. *Id.* As discussed above, discovery relating to sales that did not take place are irrelevant to Marshman's claims for unpaid commissions. Accordingly, the Court **DENIES** Marshman's motion to compel as to Requests for Production No. 101-07.

**B.  Conclusion as to Motions to Compel**

Plaintiff's Amended Motion to Compel Answers to Interrogatories (Dkt. 22) is **DENIED** and Plaintiff's Amended Motion to Compel Responses to Requests for Production (Dkt. 23) is **GRANTED IN PART and DENIED IN PART**. The Court **GRANTS** the Motion to Compel as to Requests for Production No. 6-8, 13, 40-45, 76-78, and 90. The Court **DENIES** the Motion to Compel regarding all other Requests for Production. The Court further **DENIES** Plaintiff's request for attorneys' fees.

**SIGNED** on June 3, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE